IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

1. MICHAEL JAMES, )
   )
   Plaintiff, )
   )
v. ) No. CIV-09-  CIV 0 9 - 1 4 5 - R A W
   )
2. BOBRICK WASHROOM ) JURY TRIAL DEMANDED
   EQUIPMENT, INC. )
   d/b/a/ GAMCO, ) ATTORNEY LIEN CLAIMED
   )
   Defendant. )

FILED
APR 15 2009
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby states his claims as follows:

### PARTIES

1. The Plaintiff is Michael James (hereinafter "Plaintiff") an adult male over the age of forty and a resident of Grayson County, Texas.

2. The Defendant is Bobrick Washroom Equipment, Inc. d/b/a GAMCO a foreign corporation doing business in Bryan County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's action is for age discrimination in violation of the Age Discrimination in Employment Act. Plaintiff also asserts state law claims for age discrimination in violation of Oklahoma's public policy against age discrimination as set out in 25 O.S. §§ 1101, *et seq.*, **Saint v. Data Exchange, Inc**, 2006 OK 59, 145 P.3d 1037 and **Kruchowski v. The Weyerhaeuser Co.,** 2008 OK 105, 202 P.3d 144.

4. Jurisdiction over the ADEA claim is vested by 29 U.S.C. § 626(c) and 42 U.S.C. § 1331. The state law claim arises out of a common core of facts such that supplemental jurisdiction over such claim is vested by 42 U.S.C. § 1367.

5. All of the actions complained of occurred in Bryan County, and the Defendant may be served in that county. Bryan County is located in the Eastern District of the United States District Courts for Oklahoma wherefore venue is proper in this Court pursuant

1

to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. Plaintiff worked for the Defendant as an Operations Manager until his termination on or around April 5, 2006.

7. At the time of his termination the Plaintiff was a person over the age of forty (40) at the time of his termination.

8. Plaintiff began working for General Accessory Manufacturing Company (GAMCO) on or around August 11, 2001.

9. In or around August 2006, to Plaintiff's knowledge and understanding, Masco was purchased by the Defendant, Bobrick Washroom Equipment. At that time Bobrick continued to operate Plaintiff's facility under the trade name GAMCO.

10. After GAMCO was purchased by Bobrick.

11. On or about July 28, 2006, Defendant entered into a written contract with the Plaintiff which is affixed as Ex 1.

12. On or about August 2006, Dan Frame became the Plaintiff's direct supervisor was. To Plaintiff's knowledge and believe Mr. Frame was in his early thirties.

13. Beginning in or around October 2006 and continuing throughout Plaintiff's employment, Mr. Frame made several age related discriminatory comments to the Plaintiff. A non-exhaustive list of such comments includes telling the Plaintiff he was an "old man", telling the Plaintiff that "older people can't change" and that company needed "new blood".

14. In or around February 13, 2007 Mr. Frame issued the Plaintiff a "Letter of Concern". In the "Letter of Concern" Mr. Frame reprimanded the Plaintiff for tasks not being completed. However, Mr. Frame has specifically approved the delay of such tasks and acknowledged the delays for reasons outside Plaintiff's control.

15. Plaintiff was terminated on or around April 5, 2007. The person who terminated the Plaintiff was Mr. Frame. The stated reason for Plaintiff's termination was that the

Defendant "decided to go in a different direction." No other reason was provided for Plaintiff's termination though Plaintiff asked Mr. Frame for specific reasons why he was being terminated. To Plaintiff's knowledge, this was not a termination for cause under the contract.

16. The person who replaced the Plaintiff was, to Plaintiff's knowledge and belief, in his mid-twenties.

17. As a direct result of his termination the Plaintiff has suffered, and continues to suffer, lost wages (past, present and future) and dignitary harm/emotional distress for which he is entitled compensation.

## COUNT I

Plaintiff incorporates all prior allegations and further alleges:

18. At the least Plaintiff's termination was the result of mixed motives of which one motivating or significant factor was age discrimination as prohibited by the ADEA and Oklahoma's public policy.

19. Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination with the EEOC. The EEOC issued Plaintiff his Right to Sue letter on Jan. 22, 2009 and Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of receipt of Plaintiff's Right to Sue letter.

20. Discrimination based on age (including termination) is a violation of the Age Discrimination in Employment Act (ADEA) and a violation of Oklahoma's public policy precluding age discrimination in employment as set out in Oklahoma's Anti-Discrimination Act.

21. Under the ADEA Plaintiff entitled to lost wages (including front pay). Because Defendant's action was willful, Plaintiff is entitled to liquidated damages equal to Plaintiff's lost wages through the date of trial.

22. Under Oklahoma's public policy, Plaintiff is entitled to his lost earnings past, present and future as well as dignitary harm damages under Oklahoma's public policy.

23. Because Defendant's actions were willful, or at least in disregard for Plaintiff's state protected rights, Plaintiff is entitled to an award of punitive damages under Oklahoma's public policy.

## COUNT II

Plaintiff incorporates all prior allegations and further alleges:

24. Pursuant to the contract set out as Ex 1, Plaintiff was not purely an at-will employee in that he had a contract for a definite term which was subject to an earlier termination only for cause or, if not for cause, for payment of substantial additional compensation.

25. Defendant did not terminate the Plaintiff under either applicable provision in that the termination was not for cause and the Defendant did not pay the sum provided for at-will termination. Nor Defendant tender or ask Plaintiff to sign a release under the at-will termination provisions.

26. Under the contract terms Plaintiff and Defendant expressly had a fiduciary relationship.

27. In terminating the Plaintiff without cause and without making the payments provided under that clause the Defendant:

    A. Breached the contract by not paying full compensation under the at-will termination clause, and

    B. Engaged in a tortious breach of contract in that Defendant negligently or willfully disregarded its fiduciary duties and the covenants of good faith and faithful performance implicit in such a contract and which are a limitation on the "at will" clause in this contract.

28. Under the actions above described, Plaintiff is entitled to the contract amount provided in Ex 1, less monies actually paid, and, for the tortious breach, compensation for dignitary harms.

29. To the extent the breach is either a willful or malicious breach of the contract amounting to a tortious breach of contract, Plaintiff is entitled an award of punitive

4

damages in the amounts available under Oklahoma law.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for an award of damages including lost wages (past, present and future), dignitary harm damages, attorneys' fees, costs and interest, liquidated damages, punitive damages and for any and all other legal and equitable relief this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 13th DAY OF APRIL, 2009,**

HAMMONS, GOWENS & ASSOCIATES

Mark Hammons, OBA #3784
Amber L. Hurst, OBA # 21231
325 Dean A. McGee
Oklahoma City, Oklahoma 73102
Phone: (405) 235-6100
Facsimile: (405) 235-6111
**ATTORNEY LIEN CLAIMED**
*Counsel for Plaintiff*

JURY TRIAL DEMANDED

ATTORNEY LIEN CLAIMED

5