# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MICHAEL JAMES, )
)
        Plaintiff, )
)
v. ) Case No. CIV-09-145-KEW
)
BOBRICK WASHROOM EQUIPMENT, )
INC. d/b/a GAMCO, )
)
        Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Compel Arbitration and Stay Proceedings (Docket Entry #16). Plaintiff responded to the motion and Defendant has replied.

On July 28, 2006, Plaintiff entered into an agreement with Defendant at the time of Defendant's acquisition of the company by which Plaintiff was employed. The Employment Agreement (the "Agreement") provided for Plaintiff's continued employment with the new company after acquisition as an Operations Manager - Gamco Division. Among the terms of the Agreement is an arbitration clause, which provides in pertinent part:

> 10.6   _Arbitration of Disputes_. The parties shall arbitrate any dispute or controversy that should arise between them as to the meaning, effect, performance, enforcement or other issue in connection with, arising out of or relating to this Agreement in Dallas, Texas before a single arbitrator selected by and in accordance with the then rules of the American Arbitration Association (the "AAA"). The arbitrator appointed by the AAA shall apply Texas substantive law and Texas evidentiary law to the proceedings. The arbitrator appointed by the AAA shall have the power to grant all legal and equitable remedies and award compensatory damages provided by Texas law. The arbitrator appointed

by the AAA shall prepare in writing and provide to the
parties an award indicating factual findings and the
reasons on which the decision is based. The arbitrator
appointed by the AAA shall not have the power to commit
errors of law or legal reasoning, and the award may be
vacated or corrected for any such error. The decision
made by the arbitrator appointed by the AAA may
thereafter be entered in any court having jurisdiction
thereof.

The Agreement also provides for the recovery of costs associated with arbitration in stating:

10.6 <u>Recovery of Litigation Costs</u>. If any arbitration
proceeding is brought for the enforcement of this
Agreement, or because of an alleged dispute, breach,
default or misrepresentation in connection with or
arising our of any of the provisions of this Agreement,
the successful or prevailing party shall be entitled to
recover his or its reasonable attorneys' fees and other
costs incurred in such proceeding, in addition to any
other relief to which he or it may be entitled.[1]

On April 15, 2009, Plaintiff initiated this case alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and Oklahoma public policy. Plaintiff also alleges a breach of his employment contract and tortious breach of contract.[2] On June 3, 2003, Defendants demanded arbitration of the disputed claims asserted in this action in accordance with the Agreement. Plaintiff would not consent to submit her claims to final and

---

[1] Both the section entitled "Arbitration of Disputes" and the section entitled "Recovery of Litigation Costs" are enumerated as section "10.6" in the Agreement.

[2] On January 25, 2010, Plaintiff filed an Application to Amend Plaintiff's Complaint, requesting authority to add claims under Oklahoma state law for the alleged non-payment of required severance or dismissal pay. Nothing in these proposed new claims would preclude the applicability of the arbitration provisions to the entirety of Plaintiff's claims.

2

binding arbitration.

Defendants filed the subject Motion, contending Plaintiff should be required to submit to arbitration in accordance with the terms of the Agreement by either dismissing this case or staying it until the arbitration procedure is completed. Plaintiff responds the Agreement's arbitration provisions are unenforceable or are inapplicable to the claims asserted in this case[3], since: (1) the arbitration clause contained in the Agreement does not apply to statutory claims but rather only applies to claims arising under the Agreement; (2) the Agreement violates the attorney fee provision of federal law and, therefore, does not provide the substantive protections required by federal law; and (3) the Agreement creates burdens and costs which unreasonably impair Plaintiff's federal rights.

In an effort to encourage the use of arbitration agreements, Congress enacted the Federal Arbitration Act (the "Act"). The Act provides, in relation to mandatory arbitration contractual clauses:

> [a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

---

3 Plaintiff concedes that his breach of contract claim is subject to arbitration in accordance with the Agreement as stated in Footnote 1 of Plaintiff's response.

The United States Supreme Court has repeatedly affirmed the policy espoused in the Act encouraging arbitration. Green Tree Financial Corp. v. Randolph, 531 U.S. 79 (2000); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991); Mitsubishi Motors Corp. v. Sler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985). Further, the Tenth Circuit Court of Appeals has recognized the use and validity of arbitration clauses in employment contracts in the context of Title VII and ADEA claims. Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1487 (10th Cir. 1994).

> Where a contract contains an arbitration clause,
>
> there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'
>
> AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986)(citations omitted).

It is equally clearly established, however, that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Id. at 648 (citation omitted). This latter question is one for the court to determine. Id. at 649(citations omitted).[4]

---

4 Plaintiff initially proposes that this Court should submit the issue of whether his claims are subject to arbitration to a jury, contending "[t]o the extent arbitration is argued, *this is a contract question which must be submitted to a jury for resolution.*" (Italics in original). Plaintiff misapprehends 9 U.S.C. § 4 as to the circumstances under which he is entitled to a jury trial. A jury trial at this stage is only appropriate if the making of the arbitration agreement is in issue. Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d

4

As a matter of law and to establish a foundation for consideration of Plaintiff's claims in arbitration, this Court concludes that, unless otherwise shown through Plaintiff's legal arguments, his age discrimination claims asserted in this action are subject to the arbitration clause contained in the Agreement. The arbitration clause is, by the very language is employs, broad in its scope, covering "other issues in connection with, arising out of or relating to [the] Agreement." Similar language has been found to be the "very definition of a broad arbitration clause as it covers not only those issues arising under the employment contract, but even those issues which any connection to the contract." Brown v. Coleman Co., Inc., 220 F.3d 1180, 1184 (10th Cir. 2000). Claims arising from agreements with such broad clauses should be arbitrated. Id. (citations omitted).

Plaintiff contends he did not agree to arbitrate a statutory claim based in the ADEA or an Oklahoma public policy claim by virtue of the language contained in the arbitration clause. The focus of this Court's inquiry, however, is upon "the factual allegations in the complaint rather than the legal causes of action asserted. If the allegations underlying the claims touch matters covered by the parties' . . . agreements, then those claims must be arbitrated, whatever the legal labels attached to them." Vera v.

---

51, 54 (3d Cir. 1980). The question presented by Defendant's Motion is not whether an arbitration agreement exists between the parties – it clearly does. Rather, the issue is whether Plaintiff's ADEA claims are encompassed by that agreement.

5

Saks & Co., 335 F.3d 109, 117 (2d Cir. 2003). Certainly, Plaintiff's claims arise from the employment relationship established by the Agreement. The broad language used in the arbitration clause gives rise to a presumption that the claims should be submitted to arbitration – whether the legal basis is statutory or contractual. *See*, Anders v. Hometown Mortgage Servs., Inc., 346 F.3d 1024, 1028 (11th Cir. 2003).

Plaintiff next objects to this matter being submitted to arbitration in accordance with the Agreement because its provision governing the payment of costs for arbitration allegedly restricts Plaintiff's substantive law remedies. A thorough discussion of this issue and the differing views of the various circuit courts is provided in the case of Musnick v. King Motor Co. of Ft. Lauderdale, 325 F.3d 1255 (11th Cir. 2003). In Musnick, the provision in dispute provided for the prevailing party in arbitration to recover fees and costs from the non-prevailing party. Recognizing the precepts established by the United States Supreme Court in the Green Tree case, the court in Musnick concluded the burden rests upon the party opposing arbitration to offer evidence that the imposition of fees and costs resulting from arbitration would be so onerous so as to constitute a barrier to the vindication of Plaintiff's rights. Id. at 1260. Plaintiff has presented an affidavit stating he has "less than $5000 readily available and would be unable to pay the costs of arbitration."

Such statements are mere speculation, given the uncertainty as to the outcome of the arbitration proceedings and whether Plaintiff would ultimately be required to pay such costs. In reaching this decision, this Court acknowledges the decision of the Tenth Circuit Court of Appeals in the case of <u>Shankle v. B-G Maintenance Management of Colorado, Inc.</u>, 163 F.3d 1230 (10th Cir. 1999). In <u>Shankle</u>, the court specifically determined that the anticipated fees and costs that would be incurred during the course of arbitration would prohibit an effective forum for the employee's claims. However, <u>Shankle</u> may be distinguished on two bases – first, evidence of anticipated costs and the employee's ability to pay them was presented to the court; and, second, the decision was rendered well in advance of the Supreme Court's most recent pronouncement in <u>Green Tree</u> and other cases which clearly establishes Plaintiff bears the burden in demonstrating the prevailing party fee provision would constitute a barrier to effective relief. Certainly, should Plaintiff prevail, he may recover his attorney fees under the Agreement. As in <u>Musnick</u>, Plaintiff's speculation as to whether he may be required to pay attorney's fees is simply too speculative a basis to invalidate the Agreement. Moreover, any award by the arbitrator is subject to judicial review and judicial modification, should either the fee and cost award be unreasonable or unduly restrict Plaintiff's ability to receive adequate relief. Plaintiff may initially raise

any objections to the cost provisions before the arbitrator. Musnick, 325 F.3d at 1261-62.

Plaintiff also contends the Agreement is unconscionable because it permits that taxing of costs against the losing party. As with the issue of fees, Plaintiff's speculation as to his potential liability for costs in the arbitration proceeding and his inability to pay these costs is insufficient to invalidate the agreement or warrant a finding of unconscionability.

Plaintiff's final argument against compelling arbitration centers upon the choice of law clauses. In one portion of the Agreement, it is stated that "[t]his Agreement shall be governed by, interpreted under, and construed and enforced in accordance with the internal laws, and not the laws pertaining to conflicts or choice of laws, of the State of Oklahoma applicable to agreements made and to be performed wholly within the State of Oklahoma." Employment Agreement, p. 7, ¶ 10.1. Another clause of the Agreement, however, mandates the arbitrator to "apply Texas substantive law and Texas evidentiary law to the proceedings." Employment Agreement, p. 8, ¶ 10.6. Plaintiff contends Texas law does not recognize a claim for violation of Oklahoma public policy and, therefore, he would be denied a substantive right to which he would be entitled absent arbitration.

It is appropriate for the arbitrator to consider the application of substantive law in the first instance. Until the

matter is considered by an arbitrator and a decision is reached, it is entirely speculative as to whether Plaintiff's substantive rights will be invaded or restricted in any way. As stated, should Plaintiff's rights be unduly restricted, the arbitrator's decision is subject to judicial review.

Having found Plaintiff's claims asserted herein are subject to binding arbitration, this Court must consider whether the case should be dismissed or merely stayed pending the outcome of the arbitration proceedings. Clearly, the Act provides for a stay in the event one of the affected parties requests a stay and the matter is to be submitted to arbitration. 9 U.S.C. § 3. Indeed, the Tenth Circuit endorses the use of a stay rather than a dismissal in cases such as this. *See*, Adair Bus Sales, Inc. v. Blue Bird Corp., 25 F.3d 953, 955 (10th Cir. 1994). As a result, this case will be stayed pending notification of either the resolution of this case and/or the conclusion of the arbitration proceedings.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Arbitration (Docket Entry #16) is hereby **GRANTED**. The parties are directed to submit the claims asserted in the Complaint to binding arbitration in accordance with the Agreement.

IT IS FURTHER ORDERED that Defendant's Motion to Stay Proceedings contained in the same filing is hereby **GRANTED**. This case is hereby **STAYED** and the Clerk shall administratively close

this case, pending further order of this Court. The parties shall file a Status Report addressing the progress of the arbitration of Plaintiff's claims and any advance toward resolution accomplished by the parties no later than **AUGUST 2, 2010**, or earlier if events warrant.

IT IS FURTHER ORDERED that all motions which remain pending in this case are deemed **MOOT** as a result of this Court's ruling.

IT IS SO ORDERED this 1st day of February, 2010.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE